## Manning v. Commonwealth.

Feb. 13, 1940.

C. C. Crosthwait for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Lem Manning, was convicted in the Elliott Circuit Court on the charge of aiding a prisoner to escape from jail and given one year in the State Reformatory. He insists that all of the evidence as to his guilt was given by accomplices, and, therefore, he was entitled to a peremptory instruction. He relies upon Sections 241 and 242 of the Criminal Code of Practice. No other question is discussed in appellant's brief.

Manning, Ollie Middleton, who was subsequently convicted on a charge of manslaughter, Scott Brown, who was charged with stealing a hog of the value of more than $4 and who was later convicted, and Eddie Gilliam, who was being held on a murder charge, were in the Elliott county jail. Brown procured a piece of timber and a chain and, according to the testimony for the Commonwealth, he and Manning, with the use of these materials, broke a bar of the jail and escaped. Gilliam, who was standing watch while the bar was being broken, escaped also. Middleton testified that he did not assist in breaking the bar and did not try to escape. Brown and Gilliam corroborated his testimony. Manning testified, however, that Middleton assisted Brown in breaking the bar, and made two attempts to get through the hole, but that he was too large to do so. He testified also that he had no part in breaking the bar.

Clearly, it would have been error had the trial court given a peremptory instruction in Manning's favor. His testimony alone would not make Middleton an accomplice. Whether he was or was not an accomplice was a question for the jury. The fact that Manning left the jail is also some circumstantial evidence of his guilt.

It follows, therefore, that there is no basis for the contention that Manning was entitled to a peremptory instruction, since it was not shown as a matter of law that Middleton was an accomplice.

Judgment affirmed.